# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JEREMY T. BERGSTROM, BAR NO. 6904

No. 84297

**FILED**

JUN 09 2022



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Jeremy T. Bergstrom be disbarred from the practice of law in Nevada based on violations of RPC 5.5 (unauthorized practice of law) and RPC 8.1 (bar admission and disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Bergstrom committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Bergstrom failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Bergstrom filed multiple lawsuits after being suspended from the practice of law.[2] He

---

[1]The complaint and notice of intent to take default were served on Bergstrom through regular and certified mail at his SCR 79 address and emailed to his SCR 79 email address. The notice of intent to take a default was also sent to an alternate physical address. The State Bar also personally served Bergstrom with the filings at his alternate physical address.

[2]This court suspended Bergstrom in two cases: *In re Discipline of Bergstrom*, No. 79205, 2019 WL 6042503 (Nev. Nov. 14, 2019) (Order Approving Conditional Guilty Plea Agreement), and *In re Discipline of*

22.18422

thus violated RPC 5.5, which prohibits the unauthorized practice of law. The record also establishes that Bergstrom failed to respond to the State Bar's inquiries into his unauthorized practice of law, thus violating RPC 8.1 (bar admission and disciplinary matters).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Bergstrom knowingly violated duties owed to the public and his clients (unauthorized practice of law) and the profession (bar admission and disciplinary matters). Bergstrom's clients suffered actual injury as he filed lawsuits on their behalf while suspended. And Bergstrom's failure to cooperate in the disciplinary hearing harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The baseline sanction for Bergstrom's misconduct, before considering aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.1 (Am. Bar Ass'n 2017) (recommending disbarment "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or

---

*Bergstrom*, No. 82359, 2021 WL 2328486 (Nev. June 7, 2021) (Order of Suspension).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

another, and causes serious or potentially serious injury to a client, the public or the legal system"); Standard 8.1(b) (recommending disbarment when a lawyer "has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession"). The panel found no mitigating circumstances and four aggravating circumstances: prior disciplinary offenses, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. The record supports the panel's findings. Particularly relevant here is the aggravating circumstance based on prior disciplinary offenses. This court has suspended Bergstrom on four occasions based on misconduct that included failing to communicate with clients, failing to perform legal services or litigate cases resulting in judgments against his clients, failing to supervise an attorney, and failing to account for client funds. *See In re Discipline of Bergstrom*, No. 82359, 2021 WL 2328486 (Nev. June 7, 2021) (Order of Suspension); *In re Discipline of Bergstrom*, No. 82591, 2021 WL 2328472 (Nev. June 7, 2021) (Order Imposing Reciprocal Discipline and Suspending Attorney); *In re Discipline of Bergstrom*, No. 79205, 2019 WL 6042503 (Nev. Nov. 14, 2019) (Order Approving Conditional Guilty Plea Agreement); *In re Discipline of Bergstrom*, No. 77170, 2018 WL 6818537 (Nev. Dec. 21, 2018) (Order of Suspension). He then continued to practice law while suspended. Considering all the factors, we agree with the panel that there is no basis to depart from the baseline sanction. Disbarment is appropriate here. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we disbar attorney Jeremy T. Bergstrom from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

Further, Bergstrom shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days from the date of this order if he has not already done so. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                Stiglich

_____, J.          _____, J.
Cadish                                  Silver

_____, J.          _____, J.
Pickering                               Herndon


cc:     Jeremy T. Bergstrom
        Chair, Southern Nevada Disciplinary Board
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court